### WHITE v. WESTERN STONEWARE CO.

Circuit Court of Appeals, Seventh Circuit.
June 8, 1929.

No. 4123.

L. K. Gillson and J. D. Cox, both of Chicago, Ill., for appellant.

Alexander C. Mabee, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The decree appealed from dismissed, for want of equity, appellant's bill for infringement of his patent No. 1,561,198, 1923, for "Improvements in Jars and Bails therefor." The stated ground of dismissal was invalidity of the patent. The one claim of the patent is:

"In combination, a jar of frangible material, a plurality of lugs on said jar, each lug being provided with a recess at each end thereof, a carrying bail for each lug, each of said bails comprising a handle, and side portions of relatively light wire having inturned bent ends for engaging in said recesses, and a tie member for engaging said side portions for holding said ends in said recesses, said handle adapted to extend upwardly in substantially a vertical plane with the adjacent parts of said side portions, whereby when said jar is lifted by said bails the weight of the same will be supported by the tensile strength of said side portions without tending to produce a bending action therein above the tie members, thus permitting the use of relatively light wire in the formation of said bail without impairing its normal supporting function."

Admittedly the only claimed advance over the prior art is in the so-called "tie member for engaging said side portions for holding said ends in said recesses." The patentee testified that without the tie member, in some of his prior constructions there was a tendency of the bail to bend, and permit the inturned ends to slip out of the recesses in the ears or lugs of the jar; and that the tie piece would hold the ends in place, and incidentally permit of using the lighter gauge wire for the bail.

It goes without saying that if the side members of the bail are tied together between the upper part and the inturned ends, it will tend to keep the ends from spreading, whether the wire of the bail is light or heavy. The employment of a wooden handle, where the hand grasps the bail, will also materially prevent the wire from bending, and it is plain, that when either or both are used, somewhat lighter wire may be employed, although on the score of expense it is questionable whether the cost of the tie member will not fully neutralize any economy in the use of a slightly smaller gauge wire for the bail. But if there is no patentable novelty in the employment of the tie, surely a patent grant is not predicable upon the possibly slight decrease in cost through employment of somewhat thinner wire.

The prior patent art shows a number of such contrivances—some strikingly similar. There is Pitts' handle for milk cans, United States patent No. 830,002, 1906, showing the bent wire sides fitting into recesses just as in the White patent, with a tie member located in the same relation as White's to prevent the side members from spreading and becoming detached from the recesses. It is true this tie member appears in the illustration as a bolt and nut, and is so described in some of the claims; but in others it is broadly claimed as "means for holding the lugs of the handles in the perforated ears." Under White's claim the tie may be anything that will tend to hold the side members from spreading—a bolt, a wire, a metal strip, a string—anything that has tensile strength and can be fastened to the sides.

Patent to Wood, No. 930,824, 1909, for a milk pail support, shows a bail with the bent ends (there called "pivots") of the side members fitting into a knuckle. The specification says: "The pivots 11 are retained in the knuckle by means of the strap 12, which is secured to the parallel portions 8, as illustrated. This strap is preferably formed of a strip of sheet metal, its ends 13 being folded around the wire." The description as well as the illustration shows this device to be in all essential features like that of the patent.

True, these were not earthen jars, but the relation of a connecting band to a bail, for keeping its side members from spreading, is identical, whether in a milk can, pail, washtub, jar, crock, or other article in the carrying or supporting of which such a bail is employed.

A number of other examples are cited, but those referred to are sufficient to indicate that the tie member, which is the very heart of the patent, finds anticipation in the prior art.

The decree of the District Court is affirmed.